IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **Torus Ventures, LLC** | § | |
| | § | |
| *Plaintiff,* | § | Case No. 2:25-cv-00102-JRG |
| | | **(LEAD CASE)** |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **PIZZA HUT, LLC,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**PIZZA HUT, LLC's PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. LEGAL STANDARD .......... 2

A. Pleading Requirement Under *Iqbal*/*Twombly* .......... 2

B. Marking Statute .......... 2

III. ARGUMENT .......... 4

IV. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**


*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)....................3

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (*Arctic Cat I)*,
876 F.3d 1350 (Fed. Cir. 2017)....................1, 2, 4

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.* (*Arctic Cat II)*,
950 F.3d 860 (Fed. Cir. 2020), *cert. dismissed sub nom.*, 141 S. Ct. 753 (2020)..........1, 2, 3, 4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................2

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021)....................3, 4

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
888 F.3d 1256 (Fed. Cir. 2018)....................2

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
Case No. 6:12-cv-543 (E.D. Tex. May 12, 2014)....................5

*Express Mobile, Inc. v. DreamHost LLC*,
Case No. 1:18-CV-01173-RGA, 2019 WL 2514418 (D. Del. June 18, 2019)....................5

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)....................3

*Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*,
Case No. 16-cv-52-JRG-RSP (E.D. Tex. Sept. 4, 2017)....................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)....................2

*Lormand v. U.S. Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009)....................2

*Lubby Holdings LLC v. Chung*,
11 F.4th 1355 (Fed. Cir. 2021)....................3

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996)....................3

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,
497 F.Supp.3d 762 (N.D. Cal. 2020)....................4

*Torus Ventures LLC v. FUNERAL DIRECTORS LIFE INSURANCE COMPANY,*
Case No. 24-cv-00973 (E.D. Tex. Nov. 22, 2024)....................5

*Torus Ventures LLC v. Fred Loya Insurance Agency, Inc.*,
Case No. 2-24-cv-00972 (E.D. Tex. Nov. 22, 2024)....................5

*Torus Ventures LLC v. First Texas National Bank*,
Case No. 2-24-cv-00859 (E.D. Tex. Nov. 8, 2024)....................5

*VirtaMove, Corp. v. Hewlett Packard Enterprise Company*,
Case No. 2:24-CV-00093 (E.D. Tex., Oct. 17, 2024)....................5

**STATUTES**

35 U.S.C. § 287(a)....................1, 2, 3, 4, 5, 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2)....................2

Fed. R. Civ. P. 12(b)(6)....................1

## I. INTRODUCTION

Defendant Pizza Hut, LLC ("Pizza Hut") respectfully moves the Court to dismiss Plaintiff Torus Ventures, LLC's ("Torus Ventures" or "Plaintiff") request for past damages in its Complaint (Dkt. No. 1)[1] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim for past damages should be dismissed because Plaintiff has not pleaded the required elements. To plausibly state a claim for past damages, Plaintiff is required to plead that Pizza Hut had either actual or constructive notice of infringement of the Asserted Patent. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.* (*Arctic Cat II*), 950 F.3d 860, 864 (Fed. Cir. 2020), *cert. dismissed sub nom.*, 141 S. Ct. 753 (2020); 35 U.S.C. § 287(a). Plaintiff alleges neither. Plaintiff's Complaint does not assert (nor could it) that Pizza Hut had actual notice prior to the filing of the present action. Nor does the Complaint assert that Pizza Hut had constructive notice. To establish constructive notice, Plaintiff would have needed to plead either (1) that there were no licensees with an obligation to mark the patent number of the Asserted Patent on their product(s); or (2) that any such licensees had been marking their product(s). *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (*Arctic Cat I*), 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("A patentee's licensees must also comply with § 287."). Plaintiff, however, fails to allege that no marking is required. And Plaintiff likely cannot make such an allegation, as Plaintiff has settled and/or voluntarily dismissed a litany of other cases *with prejudice* involving the same or similar claims of the Asserted Patent and thus presumably granted numerous licenses to the Asserted Patent. Yet, there is no evidence or suggestion that any of the prior defendant licensees are marking their accused product(s) with the number of the Asserted Patent.

[1] Unless identified as a docket coming from a different case, all citations to docket numbers are from the member case (No. 2:25-cv-00128).

As explained above and in more detail below, because Plaintiff failed to plead elements necessary for claiming past damages, that claim should be dismissed.[2]

## II. LEGAL STANDARD

### A. Pleading Requirement Under *Iqbal*/*Twombly*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court need not accept as true legal conclusions couched as factual allegations. *Id.* Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The complaint specifically must establish more than a "sheer possibility" that the plaintiff's claims are true, *id.*, and must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 255–257 (5th Cir. 2009). The standard set forth in *Twombly* and *Iqbal* applies to patent infringement claims. *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259–60 (Fed. Cir. 2018).

### B. Marking Statute

Patentees must comply with the requirements of the marking statute set forth in 35 U.S.C. § 287(a) in order to recover pre-suit damages. 35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864. "The patentee bears the burden of pleading and proving he complied with § 287(a)" by providing

[2] The Asserted Patent expires in August 2025 meaning that the majority of any potential damages in this lawsuit are in the past.

the requisite notice. *Arctic Cat I*, 876 F.3d at 1366. To satisfy the notice requirements of § 287(a), a patentee who makes or sells patented articles must either provide actual notice—*i.e.*, an "affirmative communication of a specific charge of infringement by a specific accused product or device"—or constructive notice—*i.e.*, marking of the patented products. *Arctic Cat II*, 950 F.3d at 864; 35 U.S.C. § 287(a). "Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.* (internal citations and quotations omitted).

Regardless of whether a patentee makes or sells patented articles, a patentee's licensees must also comply with the marking requirement. *Arctic Cat II*, 950 F.3d at 864. A patentee must take "reasonable efforts" to ensure that any licensees to the patent satisfy the marking statute. *Arctic Cat I*, 876 F.3d at 1366 ("A patentee's licensees must also comply with § 287. [C]ourts may consider 'whether the patentee made reasonable efforts to ensure compliance with the marking requirements.'") (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-1112 (Fed. Cir. 1996)). A patentee with patented articles that fails to comply with the marking statute bears the consequences—"he is not entitled to damages before the date of actual notice." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021).

There are two exceptions to the notice provisions of § 287. They "do not apply to patents merely directed to processes or methods," or to "a patentee who never makes or sells a patented article." *Arctic Cat II*, 950 F.3d at 864; *see also Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1332 (Fed. Cir. 2010). If a patent includes both apparatus and method claims, however, "the marking requirement applies to all claims." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012); *see also Huawei Tech. Co. Ltd. v. T-Mobile US, Inc.*, Case No. 16-cv-52-JRG-RSP, 2017 WL 4183103, at *1 (E.D. Tex. Sept. 4, 2017) ("When a patentee sues

for infringement of [] a patent [that includes both method and device claims], but asserts only a method claim, the patentee should be precluded from pre-suit damages, absent actual notice of infringement, if 'there is a tangible item to mark by which notice of the asserted method claims can be given.'").

## III. ARGUMENT

Plaintiff requests "[a] judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '844 Patent, *including pre- or post-judgment interest, costs, and disbursements* as justified under 35 U.S.C. § 284." Dkt. 1 at 4 (emphasis added). Put another way, Plaintiff seeks to recover damages for alleged infringement that happened prior to filing its Complaint against Pizza Hut. Plaintiff's request for pre-suit damages with respect to the Asserted Patent should be dismissed because Plaintiff has not sufficiently pled compliance with 35 U.S.C. § 287(a). [3]

As explained above, under § 287(a), a plaintiff is limited to post-complaint damages unless it provides notice of infringement, "either by providing constructive notice—*i.e.*, marking products—or by providing actual notice to an alleged infringer." *Arctic Cat II*, 950 F.3d at 864. It is Plaintiff's burden to plead compliance with § 287(a), including for its licensees. *Arctic Cat I*, 876 F.3d at 1366 ("The patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement. . . . A patentee's licensees must also comply with § 287."). The Complaint, however, fails to plead that Pizza Hut had actual notice of Plaintiff's infringement

[3] A party need not plead compliance with § 287 where only method claims are asserted. *See Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F.Supp.3d 762, 768 (N.D. Cal. 2020). That is not the case here, as the Asserted Patent includes system claims, not just method claims, including independent systems Claims 19 and 37 that Plaintiff has asserted against Pizza Hut. *See* Dkt. 1, Ex. 2.

claims prior to Plaintiff filing this lawsuit on February 4, 2025. *See* Dkt. 1. Nor does it plead that there exist any products—licensed or otherwise—that are marked with the Asserted Patent number or otherwise comply in any way with § 287(a), such that Pizza Hut would have had constructive notice. *See id.* The Complaint likewise does not establish or even allege that there is no obligation to mark by any entity. *See id.* Plaintiff has therefore failed to plead compliance with the marking statute and its claim for past damages should be dismissed. *See Express Mobile, Inc. v. DreamHost LLC*, No. 1:18-CV-01173-RGA, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) (granting a motion to dismiss a plaintiff's claim for past damages where the plaintiff did not plead compliance with the marking statute despite there being no evidence that there were any products for it to mark); *see also VirtaMove, Corp. v. Hewlett Packard Enterprise Company*, No. 2:24-CV-00093, 2024 WL 4519761 at *5 (E.D. Tex., Oct. 17, 2024) (granting in part defendant's motion to dismiss for failing to plead specific facts to support its conclusory allegation that no marking is required).

Furthermore, because Plaintiff has asserted system claims, Plaintiff cannot allege that marking is not required. Based upon information currently available to Pizza Hut, Plaintiff likely also cannot allege compliance with the marking statute, which could explain why Plaintiff failed to even attempt to plead the requirements. Since the Asserted Patent was assigned to Plaintiff, Plaintiff has settled and/or voluntarily dismissed 61 other cases in which it asserted the same or similar claims of the Asserted Patent—over 40 of which were dismissed *with prejudice* and thus presumably involved granting the defendants in those 30 plus cases some sort of license to practice the Asserted Patent. *See e.g.*, *Torus Ventures LLC v. FUNERAL DIRECTORS LIFE INSURANCE COMPANY*, No. 24-cv-00973 (E.D. Tex. Nov. 22, 2024); *Torus Ventures LLC v. Fred Loya Insurance Agency, Inc.*, No. 2-24-cv-00972 (E.D. Tex. Nov. 22, 2024); *Torus Ventures LLC v. First Texas National Bank*, No. 2-24-cv-00859 (E.D. Tex. Nov. 8, 2024) (listing representative

cases). As recognized in this Court, even absent a formal settlement or license agreement, dismissal *with prejudice* operates as a license by operation of law. *See EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014). As explained above, Plaintiff is obligated to ensure that all licensees to the Asserted Patent satisfy the marking statute. Yet, there is no publicly available information suggesting that Plaintiff has done so. And the Complaint does not include any facts to the contrary. *See* Dkt. 1.

Thus, any attempt by Plaintiff to amend its Complaint to plead compliance with § 287 may be futile. In any event, because Plaintiff has not alleged any plausible factual basis in support of its claim for past damages, the appropriate action at this stage is to dismiss that claim. If Plaintiff later discovers sufficient evidence to support repleading past damages (which, again, appears unlikely), then Plaintiff may move for leave to do so then.

## IV. CONCLUSION

For the foregoing reasons, Pizza Hut respectfully requests that the Court grant its motion to dismiss the Complaint's claim for pre-suit damages for the Asserted Patent.

Dated: April 21, 2025

Respectfully submitted,

By: *Morgan G. Mayne*

Morgan G. Mayne, Bar No. 24084387
morgan.mayne@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6945
(214) 661-4945 – Fax

Christa Brown-Sanford, Bar No. 24045574
chista.sanford@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6824
(214) 661-4824 - fax

**COUNSEL FOR DEFENDANT PIZZA HUT, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 21, 2025.

*/s/ Morgan G. Mayne*
Morgan G. Mayne