**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TORUS VENTURES LLC<br><br>v.<br><br>BRINKER INTERNATIONAL, INC. | §<br>§<br>§<br>§<br>§ | Case No. 2:25-cv-00102-JRG<br>LEAD CASE |
| PIZZA HUT, LLC | § | Case No. 2:25-cv-00128-JRG<br>MEMBER CASE |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT PIZZA HUT, LLC'S RULE 12(b)(6)**
**<u>PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff Torus Ventures, LLC ("Torus" or "Plaintiff") submits this brief in opposition to the Defendant Pizza Hut, LLC ("Pizza Hut" or "Defendant") Rule 12(b)(6) Motion to Dismiss (the "Motion") filed on April 21, 2025 (Dkt. No. 87). For the reasons set forth below, the Motion should be denied.

## I. INTRODUCTION

Defendant Pizza Hut's Partial Motion to Dismiss Plaintiff's claim for pre-suit damages should be denied because Pizza Hut fundamentally misapplies the marking statute, 35 U.S.C. § 287(a). The marking statute simply does not apply in this case. As Pizza Hut itself acknowledges in its Motion, the notice provisions of § 287 "do not apply to... 'a patentee who never makes or sells a patented article.'" (Dkt. No. 87 at 3) (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.* (*Arctic Cat II*), 950 F.3d 860, 864 (Fed. Cir. 2020)). This exception precisely describes Plaintiff Torus Ventures, which has never made or sold any products practicing the Asserted Patent.

Since Torus Ventures has never made or sold any patented articles, the marking statute does not apply, and no pleading regarding marking compliance is necessary. Accordingly, since

Pizza Hut's motion is predicated on a legal theory that the Federal Circuit has expressly rejected, the Motion should be denied.

## II. ARGUMENT

### A. The Marking Statute Does Not Apply Because Torus Ventures Has Never Made or Sold Patented Articles

Pizza Hut's Motion recognizes—and then largely ignores—a well-established exception to the marking statute. As Pizza Hut itself acknowledges in its own brief: "There are two exceptions to the notice provisions of § 287. They 'do not apply to patents merely directed to processes or methods,' or to 'a patentee who never makes or sells a patented article.'" (Dkt. No. 87 at 3) (citing *Arctic Cat II*, 950 F.3d at 864).

The Federal Circuit's holding in *Arctic Cat II* is clear and unambiguous: "a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer." *Arctic Cat II*, 950 F.3d at 864. This applies to Torus Ventures, which has never made or sold any products that practice the Asserted Patent.

Multiple district courts have recognized and applied this principle. For example, in *Michigan Motor Techs., LLC v. Bayerische Motoren Werke AG*, the court explicitly held that "the marking statute would not foreclose pre-suit damages if MMT and its licensees never practiced any of the claims of the asserted patents, as there would be no articles to mark." 683 F. Supp. 3d 811, 835 (N.D. Ill. 2023). Similarly, in *Lighting Def. Grp. LLC v. Shanghai Sansi Elec. Eng'g Co. Ltd*., the court recognized that "[g]enerally, a patentee who never makes or sells a patented article does not trigger § 287's requirements." No. CV-22-01476-PHX-SMB, 2024 WL 4905222, at *22 (D. Ariz. Nov. 27, 2024) (citing *Arctic Cat*). The court in *OptoLum, Inc. v. Cree, Inc*. likewise confirmed that "Section 287 does not apply, however, when 'a patentee never makes or sells a patented article.'" 490 F. Supp. 3d 916, 937 (M.D.N.C. 2020) (*quoting Arctic Cat II*, 950 F.3d at 864).

Although Pizza Hut argues rather loosely, Pizza Hut nonetheless appears to be asserting that "if a patent includes both apparatus and method claims, however, 'the marking requirement applies to all claims.'"—even if the patentee never makes or sells a patented article. (Dkt. No. 87 at 3). To the extent Pizza Hut is making such an argument, that proposition finds no support in Pizza Hut's cited authority. For example, the case Pizza Hut relies on, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1334 (Fed. Cir. 2012), does not create an exception to the exception recognized in *Arctic Cat*. *ActiveVideo* merely stands for the proposition that when a patentee asserts both apparatus and method claims, the requirements of Section 287 apply. This rule articulated by *ActiveVideo* has no bearing on a case like this one, where the patentee has never made or sold any patented products whatsoever. Thus, the exception for patentees who never make or sell patented articles remains fully applicable regardless of whether the patent contains method claims, apparatus claims, or both, and regardless of what claims are asserted. The basis for the exception to Section 287 is simply whether patentee has actually made or sold a patented article. (Indeed, this exception cannot be dependent on whether a patent "includes both apparatus and method claims," as Pizza Hut seems to suggest, because the entire exception assumes that the patent ***does*** contain apparatus claims in the first place, i.e., it is an exception for requirements that would otherwise apply to those asserting apparatus claims. It would make little sense to create an exception for patentees who never make or sell a patented article, only to have that exception completely canceled out by the fact that the patent includes apparatus claims in the first place.)

Further, neither *Arctic Cat* nor any other authority cited by Pizza Hut suggests that a non-practicing entity must affirmatively plead its non-practicing status to avoid the marking requirement. Nothing in the Federal Rules of Civil Procedure or relevant case law requires a plaintiff to specifically plead the inapplicability of a statutory limitation. Rather, the burden to plead and prove compliance with § 287(a) only arises when the patentee actually makes or sells patented articles. Since that is not the case here, Torus Ventures had no obligation to include

such allegations in its Complaint. Pizza Hut does not appear to dispute that Torus has never made, sold, or used a patented article, and in any event would simply be prematurely raising a factual dispute if it did so.

However, if the Court were to determine that such pleading is necessary, Torus Ventures should be granted leave to amend its complaint to explicitly allege that it has never made, used, or sold any products practicing the Asserted Patent. This simple amendment would resolve any pleading deficiency that the Court might find.

## III. CONCLUSION

Accordingly, Defendant's Motion should be DENIED. In the alternative, Torus would ask that the Court grant leave to amend.

Dated: May 19, 2025

Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Torus Ventures, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system for the Eastern District of Texas and that ECF system will send a Notice of Electronic Filing to the CM/ECF participants in this case on the 19th day of May, 2025.

/s/ Isaac Rabicoff
Isaac Rabicoff
Rabicoff Law LLC
www.RabiLaw.com
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
773.669.4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Torus Ventures, LLC**