# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **TORUS VENTURES, LLC,** | |
| *Plaintiff,* | Case No. 2:25-cv-00102-JRG |
| | **(LEAD CASE)** |
| v. | **JURY TRIAL DEMANDED** |
| **PIZZA HUT, LLC,** | |
| *Defendant.* | |

## REPLY IN SUPPORT OF PIZZA HUT, LLC's PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Plaintiff's Opposition (Dkt. No. 196) ignores most of the substantive arguments presented in Pizza Hut's Motion (Dkt. No. 87). Plaintiff does not dispute or even address the fact that over 40 cases filed by Plaintiff involving the Asserted Patent were dismissed with prejudice, meaning that Plaintiff has licensees to the Asserted Patent. Nor does Plaintiff address the well-established precedent that a patentee with licensees to the patent must plead and establish that its licensees have complied with the marking statute in order for the patentee to be entitled to past damages.

Instead, Plaintiff merely argues that it is not required to plead compliance with the marking statute because it is a non-practicing entity and cites out-of-district decisions as support. But that argument is irrelevant to the issue at hand (*i.e.*, whether Plaintiff's licensees have complied with the marking statute by marking their products with the number of the Asserted Patent) and the cases Plaintiff cites actually reinforce Pizza Hut's position (*i.e.*, that Plaintiff must plead and show that its licensees have marked their licensed products to claim past damages). Indeed, Courts have repeatedly rejected Plaintiff's very arguments as meritless—and, in some instances, have imposed sanctions on plaintiffs for pursuing them. This Court should do the same and dismiss Plaintiff's claim for pre-suit damages for its failure to plead compliance with the marking requirements of § 287.

I.  **Plaintiff's Arguments That the Marking Statute Does Not Apply Are Contrary to the Law and Objectively Unreasonable**

Plaintiff's argument that, as a non-practicing entity ("NPE"), it has no product to mark and, thus, need not comply with § 287 is contrary to the law and objectively unreasonable.[1] Regardless of NPE status, a claim for past damages requires pleading compliance with the marking statute. *See e.g.*, *Express Mobile, Inc. v. DreamHost LLC*, 2019 WL 2514418, at *2 (D. Del. June 18,

---

[1] Pizza Hut intends to seek all of the attorney's fees it incurred in responding to the baseless and non-responsive arguments in Plaintiff's Opposition.

1

2019) ("A claim for past damages requires pleading compliance with the marking statute—*even when compliance is achieved*, factually, *by doing nothing at all*.") (granting motion to dismiss) (emphasis added); *VirtaMove, Corp. v. Hewlett Packard Enterprise Company*, 2024 WL 4519761 at *5 (E.D. Tex. Oct. 17, 2024) (holding that plaintiff's conclusory allegation that "no requirement for marking applies," is deficient to plead compliance with the marking statute) (granting motion to dismiss in part); *VDPP, LLC v. Volkswagen Group of America, Inc.*, 2024 WL 1313899, at *4 (S.D. Tex. Mar. 27, 2024) ("*Volkswagen I*") (noting that "VDPP . . . argues incorrectly that is has no such obligation" to mark) (granting motion to dismiss); *VDPP, LLC v. Volkswagen Group of America, Inc.*, 2024 WL 3378456, at *3 (S.D. Tex. July 11, 2024) ("*Volkswagen II*") (rejecting VDPP's legal theories claiming that "as a nonpracticing entity, it did not need to comply with the marking requirement" as "[t]he law is to the contrary") (awarding attorneys' fees).

Moreover, as Pizza Hut previously explained, the Federal Circuit has explicitly held that "[a] patentee's licensees must also comply with § 287." *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017); *see also Volkswagen I*, 2024 WL 1313899, at *4 ("[C]ourts have previously found that § 287's marking requirement applies to a patentee's authorization of other persons to make and sell patented items in whatever form the authorization was given, regardless of whether the authorizations are settlement agreements, covenants not to sue or licenses.") (quoting *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 4456161, at *8 (C.D. Cal. Aug. 16, 2013); *Volkswagen II*, 2024 WL 3378456, at *1 ("The law is clear [] that licensees as well as patent holders must comply with the marking requirements.").

Plaintiff does not and cannot reasonably dispute the fact that it has licensed the Asserted Patent to accused infringers and thus has licensees to the Asserted Patent. For example, as Pizza Hut previously explained, over 40 cases filed by Plaintiff involving the Asserted Patent have

resulted in dismissals with prejudice, which courts have consistently held operate as a license of the patent by operation of law. *See e.g.*, *Torus Ventures LLC v. FUNERAL DIRECTORS LIFE INSURANCE COMPANY*, No. 24-cv-00973 (E.D. Tex. Nov. 22, 2024); *Torus Ventures LLC v. Fred Loya Insurance Agency, Inc.*, No. 2-24-cv-00972 (E.D. Tex. Nov. 22, 2024); *Torus Ventures LLC v. First Texas National Bank*, No. 2-24-cv-00859 (E.D. Tex. Nov. 8, 2024) (listing representative cases). Plaintiff is therefore required to ensure that all of its licensees to the Asserted Patent satisfy the marking statute by marking the accused products subject to the license. And, absent providing actual notice to an alleged infringer, Plaintiff must specifically plead—and establish—that its licensees have complied with the marking statute in order to be entitled to past damages. *See Arctic Cat*, 876 F.3d at 1367. Plaintiff has not done so.[2]

Importantly, none of the cases cited by Plaintiff suggest that the marking statute does not apply here.[3] To the contrary, the cases that Plaintiff relies on further reinforce that, regardless of whether a patentee makes, uses, or sells products that practice the asserted patents, a patentee with licensees that make, use, or sell products covered by the asserted patents must ensure that those licensees comply with the marking requirement.

For example, in *Michigan Motor Techs., LLC v. Bayerische Motoren Werke AG*, the court held that "the marking statute would not foreclose pre-suit damages if MMT *and its licensees* never practiced any of the claims of the asserted patents, as there would be no articles to mark." 683 F. Supp. 3d 811, 835 (N.D. Ill. July 21, 2023) (emphasis added). Here, Plaintiff does not and cannot argue that none of its licensees to the Asserted Patent have a product to mark. In *Lighting*

---

[2] Plaintiff does not address the issue of whether it has required any of its licensees to comply with the marking statute and it seems unlikely that it can, in good faith, plead such compliance by its licensees in view of publicly available information.

[3] As previously noted, Plaintiff relies exclusively on out-of-district authority.

3

*Def. Grp. LLC v. Shanghai Sansi Elec. Eng'g Co. Ltd.*, the court found that the patentee was unable to recover pre-suit damages for infringement because it failed to include or enforce marking requirements *for its licensees*. 2024 WL 4905222, at *19 (D. Ariz. Nov. 27, 2024). As in that case, it appears from public information that Plaintiff similarly has not required any of its licensees to mark the products covered by the respective licenses.[4]

Put simply, whether the patentee itself has made or sold a patented article is not the only relevant trigger under the marking statute, as Plaintiff incorrectly suggests. Rather, if a patentee has licensees that have made, sold, or used a patented article, then the marking statute also applies to the patentee's licensees and must be adhered to. That is the case here. As a result, Plaintiff was required to plead compliance with the marking statute by its licensees to state a claim for pre-suit damages. *See Express Mobile, Inc.*, 2019 WL 2514418, at *2. Plaintiff's failure to do so is therefore fatal to its claim for past damages and warrants dismissal of that claim.

Pizza Hut notes that other courts have imposed sanctions and awarded attorneys' fees against plaintiffs who have made substantially similar arguments to those that Plaintiff made in its Opposition. *See e.g.*, *Volkswagen II*, 2024 WL 3378456, at *1 (awarding fees against plaintiff based at least in part on the finding that plaintiff's legal theories were flawed and contrary to the law, including plaintiff's theory that "as a nonpracticing entity, it did not need to comply with the marking requirement by taking reasonable steps to enforce marking by its licensees"); *Ortiz & Associates Consulting, LLC v. Vizio, Inc.*, 3:23-cv-791- N, 2024 WL 815553, at *1-2 (N.D. Tex.

---

[4] Plaintiff also cites *OptoLum, Inc. v. Cree, Inc.*, 490 F. Supp. 3d 916, 937 (M.D.N.C. Aug. 28, 2020). In that case, the court addressed a motion for summary judgment concerning whether a genuine issue of material fact existed as to whether the patent owner had made or offered a product for sale during the relevant time period for purposes of the patent marking statute. *See id.* That case is not relevant here. Again, Pizza Hut contends that—regardless of whether Plaintiff made or offered any product for sale—Plaintiff still has an independent obligation to ensure compliance with the marking statute by its licensees.

4

Feb. 27, 2024) (granting attorneys' fees against plaintiff, finding that plaintiff's "position was substantively weak given it knew, or should have known, that its complaint stated no viable damages theory" where the Asserted Patents were expired and the Complaint failed to plead compliance with § 287).

## II.     Any Amendment Would Be Futile

Finally, the Court should not grant Plaintiff leave to amend its Complaint to "explicitly allege that [Plaintiff] has never made, used, or sold any practicing products" (*see* Opposition at 4), as any such amendment would be futile. Again, Plaintiff must plead that its licensees, not Plaintiff, are complying with the marking statute by marking their licensed products. Plaintiff has not done so or even offered to do so. Its proposed amendment thus would not cure the deficiencies in its claim for past damages. Regardless, Plaintiff does not appear to dispute that Plaintiff has not reasonably ensured that all of its licensees to the Asserted Patent comply with the marking statute, meaning that any amendment suggesting otherwise would also be futile. *See* Motion at 5-6; Opposition at 1-4.

## III.    Conclusion

For the foregoing reasons, Pizza Hut respectfully requests that the Court grant its motion to dismiss the Complaint's claim for pre-suit damages without leave to amend.

5

Dated: June 2, 2025

Respectfully submitted,

By: *Morgan Mayne*

Morgan G. Mayne, Bar No. 24084387
morgan.mayne@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6945
(214) 661-4945 – Fax

Christa Brown-Sanford, Bar No. 24045574
chista.sanford@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6824
(214) 661-4824 – Fax

Alexis Robison, Bar No. 24137217
Alexis.robison@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
(214) 953-6668
(214) 661-4668 – Fax

**COUNSEL FOR DEFENDANT PIZZA HUT, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 2, 2025.

*/s/ Morgan Mayne*
Morgan G. Mayne
